IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          CASE NO. 5:15-CR-50083

JAMES DANIEL HOBGOOD                                        DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant James Daniel Hobgood's Motion to Set Aside, Correct, or Vacate under 28 U.S.C. 2255 (Doc. 66) ("Motion to Vacate"), the Government's Response (Doc. 69), and Mr. Hobgood's Reply (Docs. 72, 72-1). Also before the Court is Mr. Hobgood's Motion to Disqualify (Docs. 67, 67-1). For the reasons given below, both of Mr. Hobgood's Motions are **DENIED**.

## I. BACKGROUND

On October 28, 2015, Mr. Hobgood was indicted on one count of cyberstalking in violation of 18 U.S.C. § 2261A(2). *See* Doc. 1. Roughly half a year later, Mr. Hobgood entered a conditional guilty plea that preserved his right to argue on appeal that this Court had erred in denying his motion to dismiss the indictment on First Amendment grounds. *See* Doc. 27, ¶ 2. On September 12, 2016, this Court sentenced Mr. Hobgood to 12 months and 1 day of imprisonment,[1] 3 years of supervised release, a $100.00 special assessment, and $2,387.91 in restitution. *See* Doc. 42. But the Court permitted Mr. Hobgood to remain out on bond during the pendency of his appeal, given the "close

---

[1] This was a downward variance from the range of 24 to 30 months recommended by the United States Sentencing Commission's Guidelines Manual. *See* Doc. 41, ¶ 117.

1

question" presented by the First Amendment issues in Mr. Hobgood's previously denied motion to dismiss. See Doc. 50, p. 3. However, a few months later the Court revoked Mr. Hobgood's bond and initiated criminal contempt proceedings against him after finding he had "egregious[ly] and willful[ly]" violated his appellate bond conditions, see Doc. 61; Doc. 63, by contacting his victim over the Internet after his sentencing, see Doc. 55.

On May 9, 2017, Mr. Hobgood entered a guilty plea to a criminal information charging him with criminal contempt for willfully and knowingly disobeying and resisting lawful orders of this Court by using the Internet and electronic social media to indirectly contact the victim in this case. See Case No. 5:17-cr-50024, Docs. 2, 11. On May 19, 2017, this Court sentenced Mr. Hobgood to 3 months of imprisonment to run consecutively to his cyberstalking term of imprisonment, 1 year of supervised release to run concurrently to his cyberstalking term of supervised release, a $10.00 special assessment, and a $1,000.00 fine. See Case No. 5:17-cr-50024, Doc. 13. Mr. Hobgood never appealed his criminal contempt conviction or sentence. On August 22, 2017, the Eighth Circuit affirmed this Court's rulings in Mr. Hobgood's cyberstalking case. See *United States v. Hobgood*, 868 F.3d 744 (8th Cir. 2017).

Mr. Hobgood now has two post-conviction motions pending before this Court. His Motion to Vacate asks this Court to set aside both of his criminal convictions for cyberstalking and criminal contempt. And his Motion to Disqualify asks the undersigned Judge to recuse from considering his Motion to Vacate. The Government has filed a Response to Mr. Hobgood's Motion to Vacate, and Mr. Hobgood has filed a Reply. Both Motions are now ripe for decision. Below, the Court will first discuss (and deny) Mr.

Hobgood's Motion to Disqualify. Then, the Court will take up Mr. Hobgood's Motion to Vacate.

## II. MOTION TO DISQUALIFY

Mr. Hobgood asks that Magistrate Judge Erin Wiedemann and the undersigned both recuse from considering his Motion to Vacate. Mr. Hobgood's request is moot with respect to Magistrate Judge Wiedemann, because his Motion to Vacate has not been referred to her. Below, the Court will consider Mr. Hobgood's arguments for recusal with respect to the undersigned.

28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). The decision whether to recuse is committed to a district court's "sound discretion," but "[r]ecusal is required when an average person knowing all the relevant facts of a case might reasonably question a judge's impartiality." *Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005). Where a judge finds that the facts do not warrant recusal, he has an obligation not to recuse. *See S.W. Bell Tel. Co. v. F.C.C.*, 153 F.3d 520, 523 (8th Cir. 1998).

Mr. Hobgood's arguments in favor of recusal can generally be described as falling into three categories. One category of arguments complains of unfavorable rulings that the undersigned previously made in Mr. Hobgood's criminal cases. The Court rejects this set of arguments because "[a]dverse judicial rulings . . . 'almost never' constitute a valid

basis for recusal; the proper recourse for a dissatisfied litigant is appeal." *See Dossett*, 399 F.3d at 953 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

A second but similar category of arguments complains of comments the undersigned made at Mr. Hobgood's sentencing hearings, expressing disapproval for his obstinate criminal behavior. The Court rejects this second set of arguments for essentially the same reason it rejects the first: judicial expression of disapproval for criminal conduct is as inherent to the task of sentencing as the issuance of adverse rulings is to the task of adjudication more generally. It is not a sign of impartiality; it is simply a sign that a judge is doing his job.

The third category of arguments concerns language that Mr. Hobgood has employed regarding the undersigned. Mr. Hobgood contends that he has been so fiercely and insultingly critical of the undersigned that an average onlooker might reasonably question the undersigned's ability to remain impartial. The Court disagrees. It is certainly true that Mr. Hobgood has sometimes used rather vitriolic and insulting language to express his opinions about the undersigned. But the undersigned simply does not care at all what Mr. Hobgood thinks of him. And the Court does not believe an average onlooker would reasonably believe otherwise if fully apprised of all relevant facts, given that the undersigned has never "become 'embroiled in intemperate wrangling' with" Mr. Hobgood, or otherwise engaged in any way with Mr. Hobgood about his opinions of the undersigned. *See Isaacson v. Manty*, 721 F.3d 533, 539–41 (8th Cir. 2013) (discussing *Mayberry v. Pennsylvania*, 400 U.S. 455 (1971) and *Ungar v. Sarafite*, 376 U.S. 575 (1964)). Accordingly, the Court will deny Mr. Hobgood's Motion to Disqualify, and will proceed to consider his Motion to Vacate.

4

## III. MOTION TO SET ASIDE, CORRECT, OR VACATE UNDER 28 U.S.C. 2255

Mr. Hobgood asks this Court to vacate his criminal convictions for cyberstalking and criminal contempt under 28 U.S.C. § 2255. That statute authorizes "[a] prisoner in custody under sentence of" a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" if he believes "the sentence was imposed in violation of the Constitution or laws of the United States." *See* 28 U.S.C. § 2255(a). Such a motion should be granted "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See id.* at § 2255(b). Although Mr. Hobgood has finished serving his term of imprisonment, he remains "in custody" for purposes of § 2255 because he has not yet finished serving his term of supervised release. *See Masten v. United States*, 752 F.3d 1142, 1146 n.2 (8th Cir. 2014).

Mr. Hobgood makes three arguments for vacating his cyberstalking conviction. The first is that his conviction for cyberstalking is a fundamental miscarriage of justice because his victim deserved to be stalked and harassed. *See* Doc. 66, pp. 33–39. Mr. Hobgood cites no caselaw to support this theory, and the Court is unaware of any. His second and third arguments are that the Government committed misconduct and that the undersigned was a biased, unfair arbiter of his case, because they had the temerity to prosecute him and to make unfavorable rulings against him, respectively. *See id.* at 39–

45. As with his first argument, these two arguments are not founded in any legal authority.[2] All three arguments are facially meritless.

Mr. Hobgood argues that his criminal contempt conviction should be vacated because he did not willfully violate any lawful court order. But this argument is belied by the plain, unambiguous language of his Plea Agreement, in which Mr. Hobgood admitted guilt, acknowledged that he "has committed each of the elements" of the crime of criminal contempt, stated "that there is a factual basis for this guilty plea" including certain specific "true and undisputed" facts that were recited over the course of eight separate subparagraphs, and finally conceded that he "willfully disobeyed the rules, orders, conditions and regulations set forth by the District Court and committed the crime of Criminal Contempt for his continued direct and indirect contact with the victim and use of the internet." See Case No. 5:17-cr-50024, Doc. 11, ¶ 3.

Finally, Mr. Hobgood argues that a condition of supervised release prohibiting him from accessing the Internet should be lifted. But in fact, none of the conditions of supervised release in either of Mr. Hobgood's criminal cases constitutes an outright ban on Internet use. The closest any of the conditions of supervised release in his cyberstalking case comes to that is the prohibition on Mr. Hobgood having any "direct or indirect contact with the victim . . . or any of her family members, by any means, including . . . by electronic mail, or by electronic or social media." See Case No. 5:15-cr-50083,

---

[2] Mr. Hobgood is of the opinion that it is "fallacious" to rely on judicial precedent when interpreting the Constitution, and therefore he has done so "as seldom as possible." See, e.g., Doc. 66, pp. 32–33; Doc. 72-1, p. 2. Rather, he contends that "[i]rrespective of unnecessarily complicated, legal mumbo jumbo" such as "[e]videntiary hearing this, Certificate of Appealability that[,] [y]ada, yada, yada[,] [b]lah, blah, blah, blah, blah," he is "entitled to the relief sought" because his case "is a travesty" on a moral level. See Doc. 72-1, p. 15.

6

Doc. 42, p. 4. As for his criminal contempt case, the special conditions of Mr. Hobgood's supervised release merely prohibit him from accessing the Internet for purposes other than employment "without prior advance notice and approval of the U.S. Probation Office," subject to the installation of Internet-use monitoring software (at the probation officer's discretion and at Mr. Hobgood's expense). *See* Case No. 5:17-cr-50024, Doc. 13, p. 5. Restrictions of this nature during supervised release are routinely upheld by the Eighth Circuit, *see, e.g., United States v. Lacy*, 877 F.3d 790, 794 (8th Cir. 2017); *United States v. Goettsch*, 812 F.3d 1169, 1171 (8th Cir. 2016), and as they do not extend beyond the term of Mr. Hobgood's supervised release, they do not give rise to the sort of First Amendment problems that would exist if they were, for example, a lifetime ban persisting beyond the term of Mr. Hobgood's sentence, *compare Packingham v. North Carolina*, 137 S. Ct. 1730 (2017) *with United States v. Rock*, 863 F.3d 827, 831 (D.C. Cir. 2017).

But at any rate, Mr. Hobgood is procedurally barred from raising any of these arguments at this stage of proceedings, because he failed to raise them on appeal from his original conviction, and has not shown any cause excusing that default.[3] *See Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). As this is plain from the face of the filings and records in both cases, there is no need for an evidentiary hearing in this matter. *See* 28 U.S.C. § 2255(b); *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Mr. Hobgood's Motion to Vacate will be denied. And no certificate of appealability will issue, because Mr. Hobgood has not shown "that reasonable jurists

---

[3] For example, Mr. Hobgood never claims that he received unconstitutionally defective assistance of counsel. *See Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973).

could debate whether" his Motion to Vacate should be permitted to proceed further, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and therefore he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant James Daniel Hobgood's Motion to Set Aside, Correct, or Vacate under 28 U.S.C. 2255 (Doc. 66) and Motion to Disqualify (Docs. 67) are both **DENIED**. No certificate of appealability shall issue.

**IT IS SO ORDERED** on this 30th day of October, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE